## Abstract of the Decision.

BROKERS, § 51*—*what constitutes procuring cause of sale.* Where it appeared that the owner and purchaser of property were brought together through an agent in June, 1912, when the sale was effected, and plaintiff had submitted the property to the same party about April, 1911, but negotiations for its sale ceased after September, 1911, and plaintiff never disclosed the name of the prospective purchaser to the owner or his agent, nor the name of the owner to the prospective purchaser, though requested to do so, and the prospective purchaser did not accept the terms submitted by the plaintiff, the evidence is *held* to show that the negotiations between the plaintiff and the purchaser were abandoned and that the plaintiff's efforts were not the procuring cause of the sale such as to entitle him to recover commissions.

## Frank Kubasiak, Defendant in Error, v. Louis D. Los, Plaintiff in Error.

### Gen. No. 20,165.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH E. RYAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed December 22, 1914.

## Statement of the Case.

Action by Frank Kubasiak against Louis D. Los for the return of money alleged to be withheld. From a judgment in favor of plaintiff, defendant brings error.

Defendant contended that the money was given him in payment of services rendered under a contract with plaintiff to collect an insurance policy. On the death of his wife, plaintiff became entitled to seven hundred and fifty dollars as beneficiary to insurance in a fraternal organization. Defendant was the local manager

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of the organization. His duties were merely to obtain new members and to collect dues during the first five months of their membership. His sole compensation was a commission derived from the business he procured.

ALBERT H. FRY, for plaintiff in error.

MAX L. KASMAR, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

PRINCIPAL AND AGENT, § 41*—*legality of agent's contract to collect insurance policy.* The evidence is *held* not to justify a holding, as a proposition of law, that defendant could not enter into a legal contract with plaintiff to collect an insurance policy in a fraternal organization, since it does not appear that the defendant, as local manager, sustained any relation of a fiduciary character with the organization.

---

Margaret Moore, Plaintiff in Error, v. Chicago City Railway Company, Defendant in Error.

Gen. No. 20,187.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH SABATH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed December 22, 1914.

## Statement of the Case.

Action by Margaret Moore against the Chicago City Railway Company for personal injuries sustained in

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CLXXXX 8